original

Anica Ashbourne
7422 Drumlea Road
Capitol Heights, MD 20743
(240) -788-7712

**U.S. DISTRICT COURT**

**DISTRICT OF COLUMBIA**

Case: 1:16-cv-00908 Jury Demand
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/18/2016
Description: Employ. Discrim. H-Deck

ANICA ASHBOURNE, Plaintiff,

vs.

DONNA HANSBERRY, DIRECTOR, GLOBAL HIGH WEALTH, Defendant

DONNA PRESTIA, ASSISTANT DIRECTOR, GLOBAL HIGH WEALTH, Defendant

THOMAS COLLINS, TERRITORY MANAGER, GLOBAL HIGH WEALTH, Defendant

AND,

TIMOTHY GEITHNER, SECRETARY

U.S. DEPARTMENT OF THE TREASURY, Defendant

**COMPLAINT**

**RACE AND GENDER DISCRIMINATION COMPLAINT IN FEDERAL EMPLOYMENT**

Plaintiff, Anica Ashbourne, proceeding *pro se,* brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et. seq., to remedy employment discrimination perpetrated against her by Donna Hansberry, Donna Prestia, and Thomas Collins because of her race (African-American) and gender (female).

RECEIVED
MAY 18 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Donna Hansberry, Donna Prestia, and Thomas Collins discriminatorily reduced her negotiated salary of $115,742 to $89,000, subjected her to a hostile work environment, and terminated her for pre-textual reasons.

**Jurisdiction**

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et. seq.*

**Venue**

2. Venue is proper in this judicial district under 42 U.S.C. Section 2000e since Plaintiff was employed here and where Donna Hansberry, Donna Prestia, and Thomas Collins maintains her employment records.

**Parties**

3. Plaintiff, Anica Ashbourne, is a citizen of the United States and a resident of the state of Maryland.

4. Donna Hansberry, Director, Global High Wealth, is being sued in her official capacity only.

5. Donna Prestia, Assistant Director, Global High Wealth, is being sued in her official capacity only.

6. Thomas Collins, Territory Manager, Global High Wealth, is being sued in his official capacity only.

**Statement of Facts**

7. Plaintiff is an African-American Tax Attorney/CPA and former government Chief Audit Executive.

8. Plaintiff worked for the U.S. Department of the Treasury's (Agency's) Global High Wealth division from June 21, 2010 until Donna Hansberry (white female), Donna

Prestia (white female), and Thomas Collins (white male) terminated her on May 10, 2011.

9. In their Notice of Proposed Termination, Donna Hansberry, Donna Prestia, and Thomas Collins claimed Plaintiff lied about being self-employed under Ashbourne & Company, her sole proprietorship, and about her 2001 resignation from C.J. Johnson, Inc., an Oakland, CA CPA firm.

10. Plaintiff is one of a handful of African-American Tax Attorney/CPAs in this country who has served as a government Chief Audit Executive.

11. In 2009, the Agency, which had pursued Plaintiff for several years, selected her for a supervisory position at an annual salary of $115,742.

12. In January 2010, after Plaintiff was discriminatorily terminated by Jeffrey Dye and Rekhi Rashmi Smith Bartlett from the Agency's Office of the Inspector General, the Agency immediately selected Plaintiff for several other positions.

13. In May 2010, Plaintiff accepted Global High Wealth's offer for a Auditor-in-Charge position paying $115,742 annually.

14. Like the Agency's Office of the Inspector General, Plaintiff was the only Tax Attorney/CPA in Global High Wealth, and the only employee who had worked as an Assistant City Auditor and as a government Chief Audit Executive.

15. Plaintiff was also the only employee who the Agency had designated a candidate with "Superior Qualifications".

16. After Global High Wealth confirmed Plaintiff's $115,742 salary, her June 21, 2010 start date, and her post-of-duty as Washington, DC, Plaintiff declined other job offers and finalized the purchase of her Maryland home.

17. Donna Hansberry, Donna Prestia, and Thomas Collins hired employees like Blaise Grese (white male) who were not licensed CPAs and who had limited work experience as their entry-level auditors.

18. Shortly after Plaintiff's June 21, 2010 start date, Donna Prestia told Plaintiff her $115,742 salary had been reduced to $89,000.

19. And, Donna Prestia refused to tell Plaintiff why they had reduced her salary and relegated her to an entry-level auditor position.

20. Later, Donna Prestia and Thomas Collins untruthfully stated in their affidavits that it was Lisa Palombi and Lori Cantz who had reduced Plaintiff's salary.

21. However, the Agency does not authorize data entry clerks to negotiate, set, or reduce salaries.

22. Lisa Palombi and Lori Cantz are data entry clerks.

23. And, Lisa Palombi stated in her affidavit she did not set or reduce Plaintiff's salary.

24. Plaintiff brings this action because Donna Hansberry, Donna Prestia, and Thomas Collins' reasons for treating her less favorably than employees outside of her protected class are pre-textual.

25. Furthermore, they failed to comply with 29 C.F.R. Part 1614 in investigating and resolving Plaintiff's complaint.

**Count 1 - Discrimination – Disparate Treatment**

26. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein and complains that:

27. Donna Hansberry, Donna Prestia, and Thomas Collins treated Plaintiff less favorably than Blaise Grese (white male), and other employees outside of Plaintiff's protected class.

28. For example, Donna Hansberry, Donna Prestia, and Thomas Collins considered Blaise Grese, who was an uncredentialed and inexperienced employee, as having the same level of experience and education as Plaintiff.

29. And, Donna Hansberry, Donna Prestia, and Thomas Collins did not reduce Blaise Grese's salary by almost $30,000 or relegate him to a position in which he was obviously overqualified.

**Count II – Hostile Work Environment**

30. In 2010, Plaintiff almost singlehandedly completed 50% of Global High Wealth's total number of audits.

31. And, while employed there, Plaintiff was recognized by the IRS' Foreign Tax Credit expert as an expert in Foreign Income Taxes.

32. Agency officials requested Plaintiff to teach courses to its new hires which Donna Hansberry, Donna Prestia, and Thomas Collins refused to pursue.

33. Nevertheless, after a town hall meeting, the IRS' Large Business & Industry Commissioner, who was Donna Hansberry's direct supervisor, personally requested Plaintiff's input on IRS matters.

34. It is Plaintiff's belief the IRS Commissioner did not seek input from any other Global High Wealth employee.

35. In response, Donna Hansberry told her staff that Plaintiff was causing "issues" for Global High Wealth.

36. Plaintiff continued to produce high-quality products that Donna Hansberry, Donna Prestia, and Thomas Collins used as Global High Wealth's national approach to auditing taxpayers.

37. Despite Plaintiff's accomplishments, Donna Hansberry, Donna Prestia, and Thomas Collins numerically rated Plaintiff as average on her performance evaluations despite the Agency's specific guidelines about how job performance is to be rated.

38. Blaise Grese, and other employees outside of Plaintiff's protected class, earned similar or higher ratings than Plaintiff on their performance evaluations.

39. Plaintiff's unfair performance evaluation ratings caused her to be constantly humiliated, angry, and to suffer financially since the Agency pays out financial rewards to employees who have earned high performance evaluation ratings.

40. In addition, Plaintiff repeatedly complained to a supervisor (African-American male) that employees outside of Plaintiff's protected class were falsifying their timesheets and taking credit for Plaintiff's work by improperly accessing taxpayer records.

41. In response, Blaise Grese and other employees outside of Plaintiff's protected class told their managers that this supervisor was incompetent.

42. Instead of correcting Blaise Grese and other employees' behavior, Donna Hansberry, Donna Prestia, and Thomas Collins made certain Plaintiff continued to be assigned a disproportionate amount of work.

43. The foregoing paragraphs are re-alleged and incorporated by reference herein and Plaintiff complains that:

44. Donna Hansberry, Donna Prestia, and Thomas Collins' conduct as alleged above constituted a hostile and abusive working environment in violation of Title VII because Plaintiff's performance evaluation ratings were not reflective of Plaintiff's actual job performance.

45. Furthermore, their stated reasons for depressing Plaintiff's ratings were not their true reasons but pretext to hide their discriminatory animus toward Plaintiff.

**Count III – Discriminatory Termination**

46. In June 2010, Donna Hansberry, Donna Prestia, and Thomas Collins initiated a new background investigation on Plaintiff.

47. They requested a new background check even though the Agency received Plaintiff's e-QIP ("Electronic Questionnaires for Investigative Purposes") in 2009 when it investigated Plaintiff for a security clearance position.

48. And, in November 2009, the Agency completed its investigation and designated Plaintiff a candidate with "Superior Qualifications".

49. In June 2010, Donna Hansberry, Donna Prestia, and Thomas Collins re-investigated Plaintiff's sole proprietorship, Ashbourne & Company.

50. Like Plaintiff, Tom Haskins (white male) and other employees outside of Plaintiff's protected class, reported being self-employed on their resumes'.

51. By definition, a person who is self-employed is the owner of a sole proprietorship.

52. Donna Hansberry, Donna Prestia, and Thomas Collins determined Plaintiff's sole proprietorship was non-existent because Plaintiff was self-employed.

53. Their stated reason is pre-textual since it is factually impossible that Ashbourne & Company was non-existent because Plaintiff was self-employed.

54. At the same time, Donna Hansberry, Donna Prestia, and Thomas Collins determined Tom Haskin's sole proprietorship existed because Tom Haskins was self-employed.

55. Later, they claimed Plaintiff was terminated because she reported Ashbourne & Company on her resume' as her employer.

56. Again, their stated reason is pre-textual since Plaintiff reported on her resume' that under Ashbourne & Company she was employed by other companies.

57. Donna Hansberry, Donna Prestia, and Thomas Collins also stated Plaintiff was terminated because she lied about resigning from C. J. Johnson, Inc. because Tom G. Johnson said he terminated her.

58. The Agency, however, disputed Donna Hansberry, Donna Prestia, and Thomas Collins' stated reason.

59. In 2013, the Agency admitted that Donna Hansberry, Donna Prestia, and Thomas Collins' had no verifiable evidence Plaintiff had lied.

60. The Agency stated that it was impossible for them to conclude that Tom G. Johnson was being truthful.

61. The foregoing paragraphs are re-alleged and incorporated by reference herein and Plaintiff complains that:

62. Donna Hansberry, Donna Prestia, and Thomas Collins treated Plaintiff less favorably than employees outside of Plaintiff's protective class because they had no evidence when they terminated Plaintiff amidst stigmatizing charges of dishonesty.

**Count IV – Adjudicatory Process**

63. The Agency is constantly taking steps to eradicate the institutional racism within the Office of the Inspector General and within Global High Wealth by hiring well-educated and experienced candidates.

64. As a result, Agency officials deliberately investigated, interviewed, and hired Plaintiff without including Jeffrey Dye, Rekhi Rashmi Smith Bartlett, Donna Hansberry, Donna Prestia, or Thomas Collins in any of Plaintiff's meetings.

65. Auditing involves having a knowledge of accounting concepts.

66. Jeffrey Dye told Plaintiff he worked at a Sears warehouse before becoming an Audit Director.

67. Rekhi Rashmi Smith Barlett is neither an attorney nor a CPA.

68. Donna Hansberry is not a CPA and has no accounting experience.

69. It is common knowledge the IRS processes more tax returns from sole proprietorships than any other business.

70. Nevertheless, Donna Hansberry, Donna Prestia, and Thomas Collins were not knowledgeable about sole proprietorships, self-employment, the Employer Identification Number, or the Individual Taxpayer Identification Number.

71. Donna Hansberry, Donna Prestia, and Thomas Collins also were not knowledgeable about a resume', or about e-QIP.

72. According to the Agency, Donna Hansberry, Donna Prestia, and Thomas Collins, although high-ranking IRS officials, do not even meet the minimum qualifications for the entry-level auditor position.

73. Donna Hansberry, Donna Prestia, and Thomas Collins made it clear they were not concerned about the accuracy of their stated reasons.

74. Lauren Benedict (white female), who was Donna Hansberry, Donna Prestia, and Thomas Collins' labor relations specialist, laughed when she told Plaintiff that Donna Hansberry, Donna Prestia, and Thomas Collins intended to fire her because Plaintiff refused to admit Tom G. Johnson told the truth.

75. On May 9, 2011, she handed Plaintiff their Last Rights letter wherein Donna Hansberry, Donna Prestia, and Thomas Collins informed Plaintiff she would be terminated by May 10, 2011 if she did not resign.

76. The foregoing paragraphs are re-alleged and incorporated by reference herein and Plaintiff complains:

77. Donna Hansberry, Donna Prestia, and Thomas Collins treated Plaintiff less favorably than employees outside her protect class because they were not qualified to evaluate Plaintiff's work experience.

78. Because Donna Hansberry, Donna Prestia, and Thomas Collins deliberately discriminated against her, Plaintiff requests this Court refer Donna Hansberry to the Illinois Supreme Court, where she is barred, so that it can initiate proceedings to permanently disbar her from the practice of law.

79. The Illinois Supreme Court considers discrimination a violation of an attorney's professional code of conduct.

Plaintiff also requests this Court refer Donna Prestia and Thomas Collins to their respective boards of accountancy so those boards can initiate similar proceedings.

**Prayer for Additional Relief**

Plaintiff also requests the Court award her:

a. back pay,
b. reinstatement,
c. a retroactive promotion,
d. front pay,
e. costs and other fees incurred, including applicable interest,
f. benefits and other emoluments of employment, and
g. any other relief this Court determines is appropriate.

Respectfully submitted,

Anica Ashbourne
May 14, 2016