UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANICA ASHBOURNE,
    *Plaintiff*,

v.

DONNA HANSBERRY, *et al.*,
    *Defendants.*

Civil Action No. 16-908 (CKK)

MEMORANDUM OPINION
(March 29, 2017)

Plaintiff Anica Ashbourne, a tax attorney proceeding *pro se*, brings this action against the Treasury Department and certain employees thereof under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging employment discrimination on the basis of her race and gender. Before the Court is Defendants' [6] Motion to Dismiss and/or for Summary Judgment. Defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for summary judgment pursuant to Rule 56(a), in the alternative. Defendants present a number of bases for dismissing Plaintiff's lawsuit at this procedural juncture, including that Plaintiff abandoned her Title VII claims when she failed to include them in a prior lawsuit, that she is precluded from bringing this action by the legal doctrine of res judicata, and that, in any event, Defendants are entitled to summary judgment on Plaintiff's claims.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record

---

[1] The Court's consideration has focused on the following documents:

- Defs.' Mot. to Dismiss and/or for Summ. J., ECF No. 6 ("Defs.' Mot.").
- Department of the Treasury Final Agency Decision, ECF No. 6-2 ("FAD").
- Equal Employment Opportunity Commission Dismissal of Appeal, ECF No. 6-3 ("EEOC Decision").

1

for purposes of the pending motion, the Court **GRANTS** Defendant's [6] Motion pursuant to Rule 12(b)(6). As explained further below, the Court concludes that, on a Rule 12(b)(6) analysis of the Complaint and certain other materials of which the Court may take judicial notice for purposes of a Rule 12(b)(6) motion to dismiss, this action is barred by res judicata in its entirety, and therefore must be dismissed for failure to state a claim upon which relief can be granted. Accordingly, there is no need to reach Defendants' other grounds for seeking dismissal of this lawsuit.

## I. BACKGROUND

The Court presents only those factual and procedural points that are relevant to its resolution of the pending motion on the basis of res judicata. As this matter is resolved on the basis of a motion to dismiss for failure to state a claim, the Court assumes the truth of the allegations in the Complaint.

Plaintiff was employed in the Department of the Treasury's Global High Wealth division from June 21, 2010 until she was terminated on May 10, 2011. Compl. ¶ 8. Prior to her termination, Plaintiff received a "Notice of Proposed Termination," which informed her that her termination was predicated on Defendants' view that she had misrepresented certain aspects of her employment history. *Id*. ¶ 9. In particular, Defendants concluded that Plaintiff had misrepresented the nature of her employment with Ashbourne & Company, her sole proprietorship, and her resignation from another employer. *Id*. Plaintiff alleges that these reasons were pretextual and that her termination and other adverse employment actions were the product of race and gender discrimination. *Id*. ¶ 24.

---

- Pl.'s Opp'n Mot. to Defs.' Mot. for Summ. J./Dismiss, ECF No. 12 ("Opp'n Mem.").
- Defs.' Reply in Mot. to Dismiss and/or for Summ. J., ECF No. 15 ("Reply Mem.").

At the end of 2011, Plaintiff filed three lawsuits in the United States District Court for the District of Maryland against the Treasury Department and her former supervisors, alleging violations of 42 U.S.C. § 1983; the Age Discrimination in Employment Act, 29 U.S.C. § 621; the Equal Pay Act, 29 U.S.C. § 206(d)(1); and the Privacy Act of 1974, 5 U.S.C. §552A.[2] All three cases were consolidated into the first filed case, and the consolidated cases were transferred to the United States District Court for the District of Columbia. Order, ECF No. 22, *Ashbourne v. Geithner, et al.*, 8:11-cv-02818-RWT (D. Md. July 12, 2012).

Subsequently, United States District Chief Judge Beryl A. Howell ordered Plaintiff to file a single amended complaint "containing all claims remaining in this consolidated case." Order Denying Mot. to Dismiss Without Prejudice, ECF No. 44, *Ashbourne v. Geithner, et al.*, 1:12-cv-01153-BAH (D.D.C. Aug. 9, 2013) ("*Ashbourne I*"). As ordered, Plaintiff filed the amended complaint on October 29, 2013. ECF No. 49, *Ashbourne I*. The amended complaint was brought against the same parties as the complaint in this action, and alleged violations of 42 U.S.C. § 1983 and the Privacy Act. *Id.* Chief Judge Howell dismissed Plaintiff's section 1983 claim on the basis of Defendants' motion to dismiss for failure to state a claim, ECF No. 58, *Ashbourne I*, and subsequently granted summary judgment in favor of Defendants on Plaintiff's sole remaining claim under the Privacy Act, ECF No. 92, *Ashbourne I*. That decision is now on appeal before the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"), No. 15-5351.

Prior to filing her complaints in the District of Maryland, Plaintiff initiated

---

[2] *Ashbourne v. Geithner, et al.*, 8:11-cv-02818-RWT (D. Md. Sept. 30, 2011); *Ashbourne v. Geithner, et al.*, 8:11-cv-03199-RWT (D. Md. Nov. 9, 2011); *Ashbourne v. US Department of the Treasury*, 8:11-cv-03456-RWT (D. Md. Nov. 30, 2011).

administrative proceedings regarding her termination with the Department of the Treasury, and alleged "harassment and/or disparate treatment due to her race (African American) and/or sex (female)" under Title VII. FAD at 2–3 (noting June 8, 2011 as the date of initial counselor contact). Ultimately, the Department of the Treasury issued a Final Agency Decision ("FAD") on December 12, 2012 concluding that a "finding of no discrimination/no harassment/hostile work environment is appropriate in this matter." *Id*. at 14. The FAD informed Plaintiff that she could either file an appeal with the Equal Employment Opportunity Commission ("EEOC") within 30 days, or "file a civil action in an appropriate United States District Court within 90 days . . . ." *Id*. at 16. The FAD further informed Plaintiff that she could file a civil action "after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC." *Id*. at 17. Although the exact date of Plaintiff's filing with the EEOC is not apparent from the record, Plaintiff did in fact choose to pursue an appeal to the EEOC. *See* EEOC Decision at 1. On September 11, 2015, the EEOC dismissed Plaintiff's appeal as it found that Plaintiff's consolidated civil case in this District (i.e., *Ashbourne I*) raised the same claims that Plaintiff had pursued on appeal to the EEOC, and "Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a Complainant from simultaneously pursuing both administrative and judicial remedies on the same matters . . . ." *Id*. at 3.

## II. LEGAL STANDARD

Defendants, *inter alia*, move to dismiss the Complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Res judicata may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Jessup v. Progressive Funding*, No. CV 15-1214 (CKK), 2016 WL 1452332, at *2 (D.D.C. Apr. 13, 2016) (Kollar-Kotelly, J.) (internal quotation marks omitted); *see also Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 76 (D.C. Cir. 1997) (noting that "courts have allowed parties to assert res judicata by dispositive motions under" Rule 12(b)(6)).

In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). Consequently, the Court may take judicial notice of the FAD and the EEOC Decision as those are official, public documents subject to judicial notice. *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 28 n.2 (D.D.C. 2016) ("Treasury's Final Agency Decision . . . [is] official, public document[] subject to judicial notice"); *Buie v. Berrien*, 85 F. Supp. 3d 161, 166 (D.D.C. 2015) ("That

final category encompasses 'public records,' . . . including an EEOC decision." (citation omitted)). The Court make also take judicial notice of the *Ashbourne I* docket and the public filings therein. *Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 67 (D.D.C. 2014) ("A court may take judicial notice of facts contained in public records of other proceedings . . . ." (citing *Covad Communications Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005))); *Clark v. D.C.*, No. CV 16-385 (CKK), 2017 WL 1011418, at *7 (D.D.C. Mar. 14, 2017) ("the Court may take judicial notice of docket sheets which are public records" (citation omitted)).

### III. DISCUSSION

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (internal quotation marks omitted). "A judgment on the merits is one that reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form." *Ilaw v. Dep't of Justice*, 148 F. Supp. 3d 24, 35 (D.D.C. 2015) (Kollar-Kotelly, J.) (internal quotation marks omitted), *aff'd sub nom. Ilaw v. Littler Mendelson P.C.*, 650 F. App'x 35 (D.C. Cir. 2016). The granting of Defendants' motion to dismiss and motion for summary judgment in *Ashbourne I*, which together disposed of all of Plaintiffs' claims in that matter, *see supra* at 3, were both judgments on the merits. *See Ilaw*, 148 F. Supp. 3d at 35 ("A decision on a motion to dismiss under Rule 12(b)(6) presents a ruling on the merits with res judicata effect." (internal quotation marks omitted)); *Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 126 (D.D.C. 2014) ("it is well established that summary judgment . . . constitutes a final

judgment on the merits" (citing *Prakash v. Am. Univ.*, 727 F.2d 1174, 1182 (D.C. Cir. 1984))).

In deciding whether res judicata applies, the Court must consider "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *NRDC v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (internal quotation marks omitted). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). To determine whether two cases share the same nucleus of facts, courts consider "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton*, 127 F.3d at 78 (internal quotation marks omitted).

This matter and *Ashbourne I* plainly implicate the same cause of action. Although Plaintiff has pursued different legal claims in this matter than *Ashbourne I*, both matters arise out Plaintiff's termination from the Treasury Department, and certain alleged adverse employment actions that were taken in relation to that termination, and therefore share the "same nucleus of facts." *Compare* Compl. ¶¶ 8–25 (describing circumstances of Plaintiff's termination from the Treasury Department), *with* Amended Compl. ¶¶ 20–40 (same), ECF No. 49, *Ashbourne I*; *see Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 160 (D.D.C. 2004) ("The Court also finds that Mr. Coleman's discharge, which might otherwise be timely raised, cannot be re-litigated under a Title VII or DCHRA theory when it has already been tried, and formally dismissed, as an alleged violation of the FMLA."), *aff'd*,

7

No. 04-7043, 2004 WL 2348144 (D.C. Cir. Oct. 19, 2004); *Gresham v. D.C.*, 66 F. Supp. 3d 178, 189 (D.D.C. 2014) ("Because Plaintiff does not identify any reason that prevented him from asserting employment discrimination claims on the basis of race in that suit, he is not entitled to another bite of the same factual apple now."). Furthermore, both actions involved the same parties, and *Ashbourne I*, for the reasons stated, reached a final, valid judgment on the merits, before a court of competent jurisdiction.

Plaintiff contends, however, that dismissal is not warranted on the basis of res judicata because she requested a "right-to-sue" letter from the EEOC, and moved to stay proceedings in *Ashbourne I* on February 11, 2013 to await the decision of the EEOC. Opp'n Mem. at 9. However, the public docket in *Ashbourne I* reflects no motion to stay on February 11, 2013, and in fact, the only motion to stay on the docket was filed by Defendants due to a lapse of government funding. Mot. for a Stay, ECF No. 47, *Ashbourne I*. Furthermore, although Plaintiff cites an exhibit attached to her opposition brief as the purported motion to stay, that document is styled as "Plaintiff's Responses to Defendant's Statement of Material Facts," and contains no mention of a motion to stay. Opp'n Mem. at 9–10; Opp'n Mem., App. M. In short, Plaintiff's assertion in her opposition brief that she moved for a stay in *Ashbourne I* is belied by the public docket in that case, and is otherwise unsupported by competent evidence.[3]

---

[3] The Court notes that in her opposition to the first motion to dismiss in *Ashbourne I*, Plaintiff represented to that court that she "intends to file a Title VII complaint but is waiting for the agency to issue to her a right to sue letter which she requested several months ago." Mem. in Opp'n to Mot. to Dismiss at 4, ECF No. 31, *Ashbourne I*. In that same filing, Plaintiff requested a stay of proceedings pending her appeal of the order transferring her case to this District. *Id*. That order was affirmed by the Fourth Circuit on December 26, 2012. *Ashbourne v. Geithner, et al.*, No. 12-2029 (4th Cir. Dec. 26, 2012). Defendants' initial motion to dismiss in *Ashbourne I* was denied without prejudice on August 9, 2013, Order, ECF No. 44, meaning that Chief Judge Howell did not reach

Plaintiff also seems to contend that she was not required to pursue her race and gender discrimination claims in *Ashbourne I* while those claims were pending with the EEOC. However, numerous federal courts have held that "Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714–15 (9th Cir. 2001); *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004) (holding that Title VII claims were barred by res judicata even though appellants claimed to have not received their right to sue letters); *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (holding that appellant's Americans with Disabilities Act claim was barred by res judicata even though appellant claimed that the EEOC had failed to furnish him with a right to sue letter); *Alford*, 60 F. Supp. 3d at 127–30; *Robinson v. District of Columbia*, No. 99–1694, 2000 U.S. Dist. LEXIS 14476, at *9–*11 (D.D.C. Sept. 30, 2000) (collecting additional appellate decisions from the Second, Third, Sixth, and Seventh Circuits, and concluding that, "[a]s every court of appeals to have addressed the issue has held, the pendency of an EEO complaint in the administrative process does not alter the res judicata effect of a previously adjudicated civil action based on the same set of facts").

In this case, Plaintiff could have pursued her Title VII claims in *Ashbourne I*, but did not seek to amend the complaint in that action to include those claims, nor has Plaintiff presented any credible evidence that she sought a stay of that action to pursue her appeal

---

Plaintiff's request for a stay in her opposition brief, as it was rendered moot by the Fourth Circuit's affirmance. In any event, that request was plainly unrelated to Plaintiff's EEOC appeal.

with the EEOC. Unlike an employee of a private entity, a federal government employee need not wait for a right to sue letter prior to commencing a civil action in federal court. Rather, upon receipt of the FAD, Plaintiff had "either 30 days to appeal to the [EEOC] . . . or 90 days to file suit in federal court . . . ." *Fields v. Vilsack*, No. CV 13-2037 (RDM), 2016 WL 6477025, at *4 (D.D.C. Sept. 16, 2016) (quoting *In re James*, 444 F.3d 643, 644 (D.C. Cir. 2006)) (citations omitted). A federal employee "is also authorized to file suit in federal court if 180 days have passed from the date of filing an appeal with the EEOC and the EEOC has failed to render a final decision." *Id*. (internal quotation marks and citations omitted). The Treasury Department issued its FAD on December 12, 2012, which was during the pendency of *Ashbourne I*. Consequently, Plaintiff could have chosen to pursue her Title VII claims in *Ashbourne I* by seeking to amend her complaint in that action to join those claims after she received the FAD. *See Turner v. Shinseki,* 824 F. Supp. 2d 99, 111 (D.D.C. 2011) ("In order to determine when a party received notice of a final agency decision, courts generally presume that the plaintiffs receive decisions either three or five days after their issuance." (internal quotation marks and alterations omitted)). Plaintiff apparently chose instead to pursue an appeal to the EEOC, but even under those circumstances, Plaintiff could have pursued her Title VII claims in *Ashbourne I* within 215 days of receiving the FAD (i.e., assuming that Plaintiff waited the maximum 30 days to pursue an EEOC appeal, plus an additional 5 days for receipt of the FAD, plus the requisite 180-day waiting period). Consequently, Plaintiff could have sought to add her Title VII claims to *Ashbourne I* by July 2013, two months before the court-ordered deadline for her to file a  consolidated amended complaint in that action. *See supra* at 3. Importantly, Plaintiff was informed of these procedural options and the applicable time limits by the

FAD, and Plaintiff only contests her obligation to have brought these claims in *Ashbourne I*, not her ability to have done so. *See* Opp'n Mem. at 9–10. As such, Plaintiff "certainly could have sought to consolidate all of her legal claims in a single action, and it was her responsibility to do so" in order to avoid preclusion of her Title VII claims by res judicata. *Alford*, 60 F. Supp. 3d at 129.

Accordingly, the Court has concluded that this matter presents the same cause of action as *Ashbourne I*, which involved the same parties, and wherein a court of competent jurisdiction issued a final decision on the merits. This action is therefore barred in its entirety by the doctrine of res judicata, and that determination is unaffected by the pendency of Plaintiff's Title VII claims with the EEOC at the time she pursued her other claims in *Ashbourne I*.[4]

## IV. CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Defendant's [6] Motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, as the doctrine of res judicata bars all of Plaintiff's claims. As a result, this case is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: March 29, 2017

                                                           /s/
                                                         COLLEEN KOLLAR-KOTELLY
                                                         United States District Judge

---

[4] Given the Court's resolution of this matter on the basis of res judicata upon a review of the Complaint and certain materials of which the Court may take judicial notice, the Court finds that discovery in this action is unwarranted. *See* Opp'n Mem. at 4.